The well considered case, Field v. Barling, 37 N. E., 850 [149 Ill., 556; 41 Am. St. R., 311; 24 L. R. A., 406], fully supports our conclusion.

In re C., N. O. & T. P. Ry. Co., 10 Circ. Dec., 286 (19 R., 308), does not necessarily conflict with the conclusion reached, for it is to the effect that the owner of a lot in the immediate vicinity cannot recover for injuries that are not different in kind as well as degree from those to the public.

Dantzer v. Indianapolis Union Ry. Co., 39 N. E. Rep., 223 [141 Ind., 604; 50 Am. St. Rep., 343; 34 L. R. A., 769], is a recent well considered case supporting a different conclusion.

Whether or not an injunction shall be allowed is not involved; that will be determined upon the hearing; the sole question considered being whether the answer stated facts sufficient to constitute a defense.

The judgment is reversed for error in overruling the demurrers to the answers, the demurrers are sustained and the cause remanded.

---

## PRACTICE—WITNESSES—VERDICTS.

[Cuyahoga Circuit Court, February 18, 1901.]

Caldwell, Hale and Marvin, JJ.

GEORGE SIMON ET AL. V. M. P. MOONEY, ASSIGNEE.

1. PRACTICE—MAKING CODEFENDANT INSTEAD OF SUBSTITUTE.

Where whatever defense a trustee in bankruptcy could have made if he had been substituted for his bankrupt he was at liberty to make as a defendant jointly with his bankrupt, he cannot be said to have been prejudiced by an order of court making him a party defendant with instead, of a substitute for the real defendant, notwithstanding a referee in bankruptcy had allowed the substitution upon an application to litigate in the case the issues between the original parties to the action.

2. WITHDRAWAL OF PART OF CLAIM—WITHOUT PREJUDICE.

The order of the court permitting the withdrawal by the plaintiff, on his own motion and "without prejudice to the plaintiff," of his claim for money received on certain promissory notes which, with other credits and goods once the property of his assignor, were in the possession of defendant, another creditor, was not prejudicial to the defendant, whatever effect the order may have upon any future litigation in regard to the notes withdrawn.

3. RIGHT OF CROSS-EXAMINATION UNDER SEC. 5243, REV. STAT.

The right of counsel of a party, called at the instance of an adverse party under Sec. 5243, Rev. Stat., authorizing the examination of a party as if under cross-examination, is only what it would be if the party was being cross-examined in the ordinary way, and gives him no right to cross-examine and put questions to the witness as if he were the witness of the party calling him.

4. RULE WHEN EVIDENCE IS CONFLICTING.

Where the evidence is such that the jury are clearly justified in their conclusion as to a certain claim, although the reviewing court is not certain that the verdict was for the right amount, but do not feel justified in saying it was contrary to evidence or not supported by sufficient evidence, the judgment will be affirmed.

**5.** VERDICT—CONFLICTING AND UNRELIABLE TESTIMONY.

A reviewing court will not disturb a verdict for the reason that the evidence was conflicting and unreliable, where the jury, if they believed the party in whose favor it was rendered, were justified in rendering the verdict which they did.

HEARD ON ERROR.

*White, Johnson, McCaslin & Co.*, for plaintiff in error.

MARVIN, J. :

The plaintiff below was M. P. Mooney, as assignee in trust for the benefit of the creditors of S. A. Jacobs. He brought his suit against George Simon. During the pendency of the suit, Simon was adjudged a bankrupt by the district court of the United States for the northern district of Ohio, eastern division, and E. S. Cook was appointed and qualified as the trustee of the estate of said Simon in said bankruptcy proceedings. After such appointment of Cook, application was made to the referee in bankruptcy for authority to litigate in this case, the issues between the original parties to this action. This authority was given, and it was ordered that the trustee be substituted for the original defendant in the action. Application was then made in the court of common pleas by Cook to be so substituted. This the court refused to do, but ordered that Cook as such trustee be made a party defendant in the action, and thereupon he filed his answer as such trustee, and the case proceeded to trial. The result in the court of common pleas was a verdict for the plaintiff; motion for a new trial was filed and overruled, and judgment entered upon the verdict. By proper proceedings the case is here for review upon a petition in error, and there is filed in this court a bill of exceptions containing all the evidence in the case.

It is urged that there was error on the part of the court in the order that Cook be made a party defendant jointly with Simon, instead of his being substituted for Simon. It does not appear how either the defendant Simon or the trustee Cook could have been prejudiced by the order made by the court of common pleas. Whatever defense Cook could have made if he had been substituted for Simon, he was at liberty to make when he became a defendant jointly with Simon.

The suit was brought by Mooney as assignee, claiming to recover from Simon upon two causes of actions :

The first cause of action was for money which it was said Simon had received upon a large number of promissory notes, two checks, and $2,700 in currency, all belonging to Jacobs, the assignor of Mooney, and no part of which had ever been paid over to either Jacobs or his assignee.

The second cause of action was for a quantity of silk which, it was said, was owned by Jacobs at the time of his assignment, but which was then in the possession of the defendant Simon, and was by him converted to his own use.

Among the notes which, it was said in the petition, money had been realized upon by Simon, belonging to Jacobs, were three made by Whitney, Wabel & Co., each calling for the payment of one thousand dollars. During the trial, the plaintiff was permitted, against the objection of the defendants, on his own motion, to withdraw his claim for these last three notes. And the court, in granting such permission, made the order " without prejudice to the plaintiff."

This is assigned as error. Whatever effect this order may have upon any future litigation in reference to these three notes, we are

unable to discover that any prejudice could have come to the defendants by their withdrawal in this case.

Upon the trial of the case, the plaintiff put upon the witness stand the defendant Simon, and examined him under the authority of Sec. 5243, Rev. Stat. This section reads:

" A party may be examined as if under cross-examination, at the instance of the adverse party, either orally, or by deposition, as any other witness; but the party calling for such examination shall not be concluded thereby but may rebut it by counter testimony."

After the examination of Simon by the plaintiff, the defendants claimed the right to cross-examine him and put such questions to him as would have been proper had he been the witness of the plaintiff in the ordinary way, but which were not proper if the examination of Simon by the plaintiff was a cross-examination.

It is urged that the language of the statute, " as if under cross-examination," is not equivalent to saying that the party may be cross-examined. And it is said that this is borne out by the last clause of the section, which reads: " But the party calling for such examination shall not be concluded thereby but may rebut it by counter testimony."

It is conceded in the argument that *without* this clause in the section, the party calling a witness, would not be concluded by the testimony of the witness. But it is said that there is a popular understanding that he who calls a witness on his own behalf is bound by what the witness says, and is not permitted to disprove the testimony of such witness; and that the legislature had this in mind when using the language quoted ; and that this last clause would certainly not have been used if it had been the intention of the statute that when one called as a witness by the adverse party, his examination of him should be a cross-examination, because nobody ever supposed that a party was bound by the answer to a question propounded by him upon cross-examination.

We think the position is unsound ; that the effect of the statute is to authorize a party to call the adverse party and cross-examine him, and that the right of counsel for the party thus called, in examining him, is only what it would be if he had been cross-examined in the ordinary way.

But it is said that the verdict of the jury in this case was clearly against the weight of the evidence, and that the court, therefore, erred in overruling a motion for a new trial, which was made by the defendant after a verdict had been rendered in favor of the plaintiff.

The determination of this question has been attended with no small amount of labor. The bill has been carefully examined. It is certain that much of the testimony given on one side or the other, is untrue; but if the jury believed the evidence offered by the plaintiff, it might be justified in returning the verdict which was returned.

It is said that the testimony of Isy Wohl, who was a witness on the part of the plaintiff, is so incredible that no attention whatever should have been paid to it; that the character of the man as developed by his own evidence is such as to render him entirely unworthy of belief.

It cannot be denied that his testimony puts him in a most unenviable light ; and that may be said of others who testified in this case. Wohl was the book-keeper of Jacobs while he was in business. After the business which had been carried on by Jacobs was sold by his assignee to Simon, Wohl continued to be such book-keeper. The testimony of both Wohl and Simon, and the exhibits in the case, show that the manner

of doing business between Simon and Jacobs was wholly unbusinesslike, and that no such examination of the books of either as would disclose the relation and the standing of the accounts between the parties who transacted business in the usual way would result in clearly showing how the accounts stood between these parties.

The jury, doubtless, came to the conclusion that it was known both to Simon and Jacobs that Jacobs was likely to fail, and that, for the purpose of keeping from the creditors of Jacobs when such failure should take place some of the property of Jacobs, it was put in the hands of Simon with the understanding that it should at some time be returned to Jacobs.

We are not surprised that the jury came to such conclusion. And that being, true, we think it is by no means certain that in making up the amount in Simon's hands for which he should account to the assignee of Jacobs, the jury made the amount too great.

The evidence as to the claim made in the second cause of action is such that the jury were clearly justified in coming to the conclusion to which they came And though we are not by any means certain that the verdict was for the right amount, neither do we feel justified in saying that it was contrary to the evidence or not supported by sufficient evidence.

Judgment affirmed.